[Sac. No. 1007.   Department Two.—December 11, 1903.]

## JOHN K. ALEXANDER, Respondent, v. KATY ADAIR WELCKER, Appellant.

MORTGAGE OF WIFE'S PROPERTY—JOINT EXECUTION WITH HUSBAND— VERBAL INSTRUCTIONS TO HUSBAND—DELIVERY TO MORTGAGEES.— Where a wife executed a mortgage of her property jointly with her husband, and delivered it to her husband to be delivered to the mortgagees, but with instructions to exact from the mortgagees a certain promise before delivery of it to them, and he delivered it to them without exacting such promise, or informing them of her instructions, the completeness of the delivery to the mortgagees was not affected by the wife's secret verbal instructions to her husband.

ID.—MORTGAGE FOR PURCHASE MONEY—PURCHASE OF LAND BY SON— PART PAYMENT—ESTOPPEL.—Where the note and mortgage of the wife's property were executed by the husband and wife in furtherance of a proposed purchase of land by their son from the mortgagees, who agreed to take the mortgage as part payment, upon delivery thereof by the husband as one of the mortgagors, the mortgagees were justified in closing the contract of purchase, and when they did so the wife is estopped from denying the delivery of the mortgage.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Adair Welcker, for Appellant.

D. E. Alexander, for Respondent.

McFARLAND, J.—This is an action to foreclose a mortgage. Judgment was for plaintiff against the defendant, Katy Adair Welcker, who appeals. The appeal is from the judgment, and is taken upon the judgment-roll alone; and no question can arise as to the sufficiency of the evidence to justify the findings.

The note and mortgage sued on were executed by appellant and William T. Welcker, then her husband, who, before the commencement of this action, died. The title to the mortgaged premises was in the appellant alone. After the mortgage had been duly signed and acknowledged by appellant and her husband, it was given by the husband to the mortgagees, Wilhoit and Devendorf. Appellant admits in her answer that she gave the note and mortgage to her husband to be delivered to the mortgagees; but she avers that she instructed him that before the delivery he should exact from them a promise to do certain things, and should not deliver them without such promise. The court finds that she exacted the said promise from her husband as to the delivery of the note and mortgage; but that "she intrusted the same to said William T. Welcker, and that he never at any time informed said Wilhoit and Devendorf, or either of them, of his said promise to said defendant, nor did he ever inform them, or either of them, concerning the exaction made by her of him aforesaid, and neither of them ever at any time had any notice or knowledge thereof, nor did they, or either of them, ever promise or agree," etc. Upon these facts appellant contends—and this is the main contention in the case—that there was no legal delivery of the mortgage to the mortgagees; but this contention cannot be maintained. She authorized her husband to deliver the mortgage, and the completeness of the delivery was not affected by any secret verbal instructions which she may have given him. The note and mortgage were given in furtherance of a proposed contract

between a son of appellant and the mortgagees, by which the former was to buy a certain tract of land from the latter, who had agreed to take the mortgage here sued on as part payment of the purchase money; and when the mortgage contemplated, duly signed and acknowledged, was delivered to them by one of the mortgagors, they had the clear right to take it and close the contract for the purchase of the land, as they did. Under the circumstances, the appellant is clearly estopped from denying the delivery of the mortgage.

There are no other points made by appellant which can be maintained or which need special notice.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.